WK:UK
F. #2018R02060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KRISTOPHER PEEBLES,
███████████████
███████████████
███████████████,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____ **1:20-cr-00369(LDH)(RER)**
(T. 18, U.S.C., §§ 981(a)(1)(C),
1028A(a)(1), 1028A(b), 1028A(c)(5),
1349, 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I. The Defendants and Relevant Entities

    1. The defendant KRISTOPHER PEEBLES was a resident of New York.

    2. ███████████████████████████████████

    3. ███████████████████████████████████

    4. ███████████████████████████████████

    5. Geico Insurance Agency, Inc. ("Geico") was an insurance company with its principal place of business in Fredericksburg, Virginia.

Case 1:20-cr-00369-LDH Document 7 Filed 09/24/20 Page 2 of 6 PageID #: 22

2

6. State Farm Mutual Automobile Insurance Company ("State Farm") was an insurance company headquartered in Bloomington, Illinois.

7. The Allstate Corporation ("Allstate") was an insurance company headquartered in Northfield Township, Illinois.

8. Progressive Corporation ("Progressive") was an insurance company headquartered in Mayfield Village, Ohio.

II. The Fraudulent Scheme

9. In or about and between June 2017 and April 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KRISTOPHER PEEBLES, ███████████████████████████ ███████████████, together with others, engaged in a scheme to defraud Geico, State Farm, Allstate and Progressive (collectively, the "Insurance Providers") by staging automobile accidents and filing false accident reports and fraudulent insurance claims using identifying information stolen from true customers of the Insurance Providers.

10. As part of the scheme, the defendants rented and caused others to rent cars owned by rental car companies. The defendants then damaged and caused others to damage the rented cars.

11. As a further part of the scheme, the defendants reported and caused others to report automobile accidents to employees of the Insurance Providers through telephone and email communications using identifying information stolen from true customers of the Insurance Providers. The reports falsely claimed that the true customers caused or were otherwise involved in the automobile accidents. The defendants changed

3

and caused others to change email addresses associated with accounts of the true customers to ensure that the true customers were not informed of the claims.

12. As a further part of the scheme, the defendants produced and caused others to produce damaged rental vehicles to authorized inspection sites of the Insurance Providers located in Kings, Nassau and Suffolk counties in New York, after which employees of the Insurance Providers assessed the extent of the damage to the rental vehicles. Based in part on the misrepresentations that the defendants made and caused others to make regarding the involvement of the Insurance Providers' true customers in automobile accidents, the Insurance Providers issued payments via check and wire transfer to the defendants and others intended to pay for repairs to the rental vehicles. The defendants then abandoned or returned and caused others to abandon or return the rental vehicles.

13. The fraudulent scheme resulted in an actual loss amount of at least $300,000 to the Insurance Providers.

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

14. The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between June 2017 and April 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KRISTOPHER PEEBLES, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Insurance Providers, and to obtain money and property from the Insurance Providers by means of materially false and fraudulent pretenses,

representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds, to wit: wire transfers to bank accounts and email communications with the Insurance Providers, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Aggravated Identity Theft)

16. The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between June 2017 and April 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KRISTOPHER PEEBLES ███████████████████, together with others, during and in relation to the crime charged in Count One, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more other persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

18. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

[signature]
FOREPERSON

[signature]
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R02060
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

KRISTOPHER PEEBLES,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

*Gillian A. Kassner, Assistant U.S. Attorney (718) 254-6224*